**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000432
13-MAY-2026
08:00 AM
Dkt. 90 SO**

NO. CAAP-24-0000432


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


HSBC BANK USA, NATIONAL ASSOCIATION,
AS TRUSTEE FOR ACE 2006-NC1, Plaintiff-Appellee,
v.
ANTHONY TUCKER, SR. and WINIFRED HAPUA TUCKER,
Defendants-Appellants, and
NEW CENTURY MORTGAGE CORPORATION; CAPITAL ONE BANK (USA), N.A.;
ASSOCIATION OF APARTMENT OWNERS OF MAKAKILO GARDENS,
INCREMENT 1, Defendants-Appellees; and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10, and
DOE GOVERNMENTAL UNITS 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC151000657)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, McCullen and Gluck, JJ.)

In this foreclosure action, Defendants-Appellants
Anthony Tucker, Sr. and Winifred Hapua Tucker (the **Tuckers**)
appeal from the May 20, 2024 "Findings of Fact, Conclusions of
Law and Order Granting Plaintiff's Motion for Summary Judgment
and Decree of Foreclosure Against All Defendants on Complaint
Filed April 13, 2015," and the May 21, 2024 Final Judgment,

entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

The Tuckers contend the Circuit Court erred in granting summary judgment because (1) Plaintiff-Appellee HSBC Bank USA (**Bank**) did not prove it had possession of the promissory note (**Note**) at the time it filed its foreclosure complaint on April 13, 2015 (**Complaint**); (2) the Bank did not prove it sent a default letter; and (3) a genuine issue of material fact exists as to whether the Tuckers satisfied the terms of a loan modification. After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the Tuckers' contentions as follows, and affirm.

**(1) Possession of the Note**: The Tuckers first argue that the Bank did not validly establish possession of the Note at the time the Complaint was filed.

A foreclosing plaintiff must establish that it had standing to enforce the subject promissory note at the time the complaint was filed. U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawai'i 315, 327-28, 489 P.3d 419, 431-32 (2021), as amended (July 6, 2021); Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 368, 390 P.3d 1248, 1255 (2017). A person entitled to enforce the note includes the holder. Hawai'i Revised Statutes §§ 490:1-201(b), 3-301 (2008).

Here, the Bank submitted a 21-page declaration from Juliana Thurab (**Thurab**), custodian of records for the PHH Mortgage Corporation (**PHH**), the loan servicing company for the Bank. Thurab's declaration stated, inter alia, that the Note

---

[1] The Honorable Karin L. Holma presided.

was held by the Bank's prior loan servicing company, Ocwen Loan Servicing, LLC (**Ocwen**), continuously from April 18, 2013 to July 1, 2016.  Thurab and the Bank's counsel gave clear testimony as to possession of the Note thereafter.  In 2019, Ocwen merged with PHH Mortgage Corporation; PHH's records, maintained in the regular course of business, included and incorporated Ocwen's records.  Thurab's declaration stated that PHH's processes for "boarding" (i.e., incorporating records from other servicers, including Ocwen) "ensure the accuracy and trustworthiness of the records being boarded."

Thurab explained that she was familiar with PHH's records retention policies, and she described the boarding process, as well as PHH's and Ocwen's recordkeeping procedures, in detail.  She declared, "I can confirm that [Ocwen] received the original Note on April 18, 2013.  Ocwen maintained continuous uninterrupted possession of the Note until July 1, 2016, when the collateral file was shipped to [the Bank's counsel]."

The declarations submitted by the Bank with its Motion for Summary Judgment (**Motion**) were sufficient to establish its possession of the Note when the Complaint was filed on April 13, 2015.  The Bank thus satisfied its initial burden on summary judgment.  The burden then shifted to the Tuckers, who did not show there was a genuine issue of material fact as to the Bank's physical possession of the Note on April 13, 2015.  See Verhagen, 149 Hawai‘i at 328, 489 P.3d at 432.  Thus, the Circuit Court did not err in granting summary judgment to the Bank.

**(2) Default Letter:**  The Tuckers contend that summary judgment was improper because the Bank did not prove that it sent a valid default letter.

The Note states:

> Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it <u>or by mailing it by first class mail to me at the Property Address above</u> or at a different address if I give the Note Holder a notice of my different address.

(Emphasis added.)

The Tuckers make two arguments. First, they argue that a May 5, 2012 default letter did not satisfy the Note's notice requirement because the default letter was sent by certified mail rather than first class mail. "[T]he United States Postal Service describes first class mail as a <u>type</u> of mail, while certification is described simply as an 'extra <u>service</u>' for which 'First-Class mail' is eligible." <u>U.S. Bank Nat'l Assn v. Torres</u>, 559 F. Supp. 3d 62, 68 (D.R.I. 2021) (quoting <u>What Domestic Mail Extra Services are Available?</u>, USPS (Aug. 13, 2021), https://faq.usps.com/s/article/What-Domestic-Mail-Extra-Services-are-Available) [https://perma.cc/2LG9-7FJJ]; <u>see also</u> <u>Torres</u>, 559 F. Supp. 3d at 68 (stating that "the question of whether certified mail is first-class mail is not unique to this case" and collecting cases concluding that certified first-class mail satisfies the requirement for first-class mail). Even if there were some dispute about certified mail, however, the Tuckers' argument still fails: the Thurab declaration states that the default notice was mailed "via USPS First Class Mail <u>and</u> Certified mail." (Emphasis added.)

The Tuckers' second argument is that summary judgment was improper because the Bank did not properly authenticate the mailing of the default letters. With its Motion, the Bank provided copies of the May 2012 default notices[2] and a mailing

---

[2]     Although the Tuckers make arguments regarding the insufficiency of default notices sent in 2015, the Bank does not rely upon the 2015 notices to establish its right to foreclose.

log.  As discussed <u>supra</u>, the Thurab declaration contained detailed information as to the Bank's recordkeeping practices and incorporation of the prior mortgage servicers' records.  The Thurab declaration was sufficient to authenticate the business records and demonstrate that notices were, in fact, mailed.  <u>See</u> <u>Verhagen</u>, 149 Hawaiʻi at 325, 489 P.3d at 429.  The Circuit Court did not err in ruling that the Bank satisfied its initial burden on summary judgment.[3]

**(3) Loan Modification:**  The Tuckers' final argument is that there is a genuine issue of material fact as to whether the Tuckers made the requisite payments under a loan modification program in 2015 (after the Complaint was filed in the instant case).

After making a loan payment on February 7, 2012, the Tuckers made no additional mortgage payments for over three and a half years.  After the Complaint was filed in April 2015, the Tuckers agreed to a loan modification offer:  the Tuckers were required to submit three payments of $743.17 each, on October 1, November 1, and December 1, 2015.  According to the terms of the loan modification, if the Tuckers made those payments, the loan would be permanently modified.  Challenging the Circuit Court's finding, the Tuckers argue that they did, in fact, comply with the terms of the loan modification program, and that foreclosing on their home under these circumstances is fundamentally unfair.

The Tuckers' first payment was short:  they paid only $655.00, leaving out $88.17 required for escrow.  Ocwen – the servicer at the time – called Mr. Tucker twice and left

---

[3]  We note that, on appeal, the Tuckers argue only that the Bank did not meet its initial burden on summary judgment.  The Tuckers make no argument that they, as the non-movants, met <u>their</u> burden to show a genuine issue of material fact.  As such, any argument to this effect has been waived.

messages; on the third attempt, Ocwen reached Mr. Tucker and advised him of the shortfall. The Tuckers made a payment of $88.17 shortly thereafter and then made a full payment of $743.17 the following month. The third month, the Tuckers sent a check for $743.17; however, the Tuckers' check indicated the funds should be split between two loans that Ocwen serviced (the primary mortgage and a second mortgage), and Ocwen followed those instructions in applying the payments to the two loans. Consequently, the Tuckers were once again short $88.17 during the trial loan modification period.

The Tuckers argue that there is a genuine issue of material fact as to whether the Tuckers made all three payments. But the Tuckers do not dispute that their third payment directed Ocwen to split the funds between two loans, such that their payment towards the first loan was short. There is no genuine issue of material fact.

We are mindful of the supreme court's admonition that "equity abhors forfeitures." James B. Nutter & Co. v. Namahoe, 153 Hawaiʻi 149, 169, 528 P.3d 222, 242 (2023) (cleaned up). To the extent the Tuckers argue "[t]he conduct of Ocwen was not equitable," the record shows the Bank repeatedly tried to avoid foreclosure. Ocwen telephoned Mr. Tucker four times and left messages each time. The Bank made the Tuckers yet another modification offer in January 2016. Nevertheless, as of the date of the Thurab Declaration (December 2023), the Tuckers had made no payments for at least eight years. The Circuit Court did not err in granting summary judgment to the Bank.

Based on the foregoing, we affirm the May 20, 2024 "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of

Foreclosure Against All Defendants on Complaint Filed April 13, 2015," and the May 21, 2024 Final Judgment.

DATED:  Honolulu, Hawaiʻi, May 13, 2026.

On the briefs:

Keith M. Kiuchi,
for Defendants-Appellants.

Mary Martin and
Zachary K. Kondo,
(Pulice Nervell),
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Daniel M. Gluck
Associate Judge